UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| DENISE COMBS, | |
|---|---|
| Petitioner, | Civil Action No. 11-012-JMH |
| v. | |
| DEBORAH HICKEY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Denise Combs is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Combs has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] [R. 2] and has paid the filing fee. [R. 3] Having reviewed the petition[2], the Court must deny relief for the reasons stated below.

On March 25, 2008, Combs was indicted for participating in the manufacture of approximately 604 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) in a growing operation maintained by her husband. On April 4, 2008, Combs was taken into federal

---

[1] Combs has named the United States of America as the respondent in this proceeding. However, the only proper respondent to a petition for a writ of habeas corpus is the person with immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. §2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court will substitute warden Deborah Hickey as the respondent in this proceeding.

[2] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and her legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

custody, but was released on bond on the condition that she reside at Theodora House, an accredited halfway house in Indianapolis. At that location, she was placed on "lock-down" status, which "means that I was unable to leave the Theodora House for any reason (including work)." [R. 2 at 2]

On May 26, 2009, Combs executed a written plea agreement with the government in which she agreed to plead guilty to the charged offense and forfeit her interest in certain identified property. Paragraph Eleven of the agreement provides that, so long as the court accepted the plea agreement and sentenced Combs at a base offense level of 25 or below:

> ... Combs also expressly agrees not to contest, or seek to modify, her conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

At the time of her sentencing in August 2009, Combs had resided at the halfway house for nearly seventeen months. Combs avers that:

> The judge allowed eight of the seventeen months I served at the Theodora House to be counted as time served (as reflected by my twenty-two month sentence as opposed to a thirty month sentence); however, she did not take into account the other nine months that I served.

[R. 2 at 2] The sentencing court accepted the plea agreement on August 26, 2009, and entered a judgment sentencing Combs to twenty-two months of incarceration to be followed by a three year term of supervised release. *United States v. Combs*, No. 1:08-CR-00060-SEB-KPF-2 (S.D. Ind. 2008).

In her petition, Combs asserts that the trial judge erred in not granting her credit for the entire seventeen month period she spent in the halfway house when imposing her sentence. Combs asserts that this time constitutes "official detention" within the meaning of 18 U.S.C. § 3585(b) because "I could not work or leave the premises of the halfway house for any reason throughout my entire seventeen month stay. There is no effective difference between my time spent at the halfway house

and incarceration." [R. 2 at 2-3]

Combs's petition must be denied for several reasons. First, she makes clear that she is attacking the trial court's imposition of her sentence in the first instance, rather than the Bureau of Prisons' implementation or calculation of that sentence. Such claims must be pursued in a motion filed under 28 U.S.C. § 2255 with the trial court, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003), a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 is not the proper vehicle to assert such claims, and the Court lacks jurisdiction to entertain them. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Second, even if that were not so, Combs expressly waived her right to challenge or seek modification of her conviction or sentence "in any type of proceeding" in her plea agreement. Such waivers are enforceable to bar collateral attacks asserted in motions filed pursuant to Section 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and in habeas proceedings under Section 2241. *See, e.g., Murrah v. Rivera*, No. 08-3712, 2009 WL 252095, at *3 (D.S.C. February 2, 2009).

Were the Court to liberally construe Combs's claims as a challenge to the BOP's implementation of her sentence notwithstanding clear language in her petition suggesting otherwise, those claims would likewise fail. As a threshold matter, federal law requires a prisoner challenging the BOP's execution of their sentence pursuant to Section 2241 to fully exhaust their administrative remedies prior to seeking judicial relief. *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006); *Fazzini v. Northeast Ohio. Corr. Center*, 473 F.3d 229, 231-32 (6th Cir. 2006). Combs has not alleged that she has done so, nor tendered documents demonstrating exhaustion of the inmate grievance process provided through the BOP's Administrative Remedy Program described in Program Statement 1330.16.

Finally, such a claim would fail on the merits. It is not the trial judge, but the Attorney General of the United States, acting through the Bureau of Prisons, that is charged with determining the availability of and calculating presentence credits under 18 U.S.C. § 3585(b). The time Combs spent at the Theodora House does not qualify as "official detention" because the "lock down" status she describes - being restricted to the physical parameters of the facility grounds, as opposed to being continuously locked inside a cell or similar structure - presents precisely the kind of moderately restricted movement typical of halfway houses or other transitional facilities, and which the has Supreme Court expressly found fell outside the definition of "official detention" under Section 3585(b):

> It would be anomalous to interpret § 3585(b) to require sentence credit for time spent confined in a community treatment center where the defendant is not subject to BOP's control, since Congress generally views such a restriction on liberty as part of a sentence of "probation," or "supervised release," rather than part of a sentence of "imprisonment."

*Reno v. Koray*, 515 U.S. 50, 53, 57-59 (1995) (internal citations omitted) (construing Section 3585(b) in light of the Bail Reform Act's options to place a pretrial detainee either under detention or release with conditions, an order that petitioner be "confined to [the] premises" of a community treatment center without "authoriz[ation] to leave for any reason unless accompanied" by a government agent did not place him in "official detention" for purposes of 3585(b)).

Accordingly, **IT IS ORDERED** that:

1. Warden Deborah Hickey is **SUBSTITUTED** for the United States of America as the respondent in this proceeding.

2. Combs's petition for a writ of habeas corpus [R. 2] is **DENIED.**

3. The Court will enter an appropriate judgment.

This the 7th day of January, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge